IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK A. CHRISTENSEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-854-L** |
| | § | |
| EDDY MEJIA, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the court is Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 72), filed April 6, 2016. On October 26, 2016, United States Magistrate Judge Renee Harris Toliver entered the Findings, Conclusions, and Recommendations of the United States Magistrate Judge (Doc. 103) ("Report"), recommending that Defendants' Motion to Dismiss be granted and that all of Plaintiff's claims against Defendants Eddy Mejia, Laine Jaffe, Ronda Hunter, Azucena Duckworth, and Marquita Humphrey be dismissed with prejudice. Plaintiff filed an objection to the Report. Plaintiff objects to nearly every aspect of the Report. His objections fall into three broad categories. He contends that the Report: (1) misstates facts related to Plaintiff's treatment; (2) errs by determining that deliberate indifference did not exist; and (3) errs by finding that he made conclusory statements to support his allegations. Plaintiff also requests that he be allowed to conduct discovery to collect more facts to support his contentions.

With respect to Plaintiff's objections to the facts set forth in the Report, Plaintiff contends that the magistrate judge "appears to be confused on several of the issues and time lines of those issues." Pl.'s Obj. 2. To support his argument, Plaintiff contends that the magistrate judge incorrectly states the time line of his tumor and his last visit to the neurologist. The court has

**Order – Page 1**

compared the Report to the record and finds that the facts set forth in the Report accurately reflect those set forth in the record. The court, therefore, overrules Plaintiff's objection to the allegations set forth in the Report.

Plaintiff also objects to the Report's finding that he has not alleged that Defendants' acted with deliberate indifference. A prison official violates the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To act with "deliberate indifference," a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the jail officials were actually aware of the risk, yet consciously disregarded it." *Lawson v. Dallas Cty.*, 286 F.3d 257, 262 (5th Cir. 2002) (citing *Farmer*, 511 U.S. at 837). In addition, the facts underlying a claim of "deliberate indifference" must clearly evince the medical need in question and the alleged official dereliction. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985) (citing *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981)). "[N]egligent medical care does not constitute a valid section 1983 claim. Further, delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh* 989 F.2d 191, 195 (5th Cir. 1993).

Plaintiff's objection regarding deliberate indifference continues to reiterate that the Defendants should have taken different actions and that the treatment he received was insufficient. Plaintiff further highlights several dates to demonstrate that there were delays in his treatment that constitute deliberate indifference. Pl.'s Obj. 18. Plaintiff, however, does not allege that the Defendants consciously disregarded the risk of his course of treatment or set forth allegations from

**Order – Page 2**

which the court can reasonably infer that Defendants acted with deliberate indifference. Plaintiff, therefore, has not connected the alleged insufficient treatment and delays to Defendants being deliberately indifferent. Without that connection, the alleged insufficient treatment and delays are not a violation of the Eight Amendment. Plaintiff also contends that numerous staff members witnessed the animosity towards him, and that this is deliberate indifference towards his required and needed medical care. Plaintiff does not describe what actions constitute the animosity, and stating that individuals witnessed animosity is too conclusory to allege deliberate indifference. Throughout his objection, he does not identify what specific actions by any of Defendants constitute deliberate indifference, as he has not alleged that any of Defendants were actually aware of the risks of Plaintiff's course of treatment, yet *consciously disregarded* them or set forth allegations to establish same. The court, therefore, **overrules** Plaintiff's objection related to the Report's finding that there was no deliberate indifference, as the Report correctly applied the high standard for deliberate indifference to the facts and determined that it did not exist.

Plaintiff objects to the Report's finding that his statements regarding delayed treatment were conclusory. He contends that the record is "fraught with examples of the Defendants' deliberately cancelling the Plaintiff's pending appointment without any valid medical reason supporting the cancellation of the appointment." Pl.'s Obj. 16. Plaintiff, however, does not identify any allegations to support that Defendants *deliberately* canceled his appointments. Instead, his objection makes a conclusory statement that his appointments were deliberately canceled. The court agrees with the Report. Plaintiff's allegations that certain Defendants were responsible for the delays are conclusory and not entitled to the presumption of truth.

Throughout his objections, Plaintiff requests that he be "allowed to conduct discovery, depositions [,] and production of documents." Plaintiff contends that by conducting discovery and

Order – Page 3

deposing witnesses he will be able to clarify the issues and provide evidence to support his Complaint. The court, however, cannot allow discovery, as Plaintiff has not pleaded a Complaint sufficient to survive or defeat Defendants' Motion to Dismiss.

Defendants moved to dismiss all of Plaintiff's retaliation claims; however, the Report does not address Plaintiff's claim for retaliation for exercising his right to petition. The court has reviewed the claim and determines that it is too conclusory to survive Defendants' Motion to Dismiss. The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).

Plaintiff's claim for retaliation for exercising his right to petition states:

> The Defendants placed the Plaintiff in the Special Housing Unit (SHU) in retaliation for pursuing these claims. The Defendant[s'] placed the Plaintiff in the SHU just weeks before the two[-]year statute of limitations would expire on filing this lawsuit. They seized all of the Plaintiff's legal, and medical, materials and denied the Plaintiff access to them. The Plaintiff was also denied access to a law library and his legal mail was held and tampered with. The Plaintiff has presented this court evidence of this. While in the SHU the Plaintiff was also denied access to medical care and treatment. Additionally, the Plaintiff's offsite consults were cancelled. All of this was in retaliation for pursuing this legal action.

Pl.'s Sec. Am. Compl. 11. It would be a strained inference to infer that Plaintiff was purposely placed in the SHU to prevent him from filing his complaint before the end of his two-year statute of limitations. Further, Plaintiff does not state facts to support a sufficient nexus between the

alleged retaliation and his right to petition; instead, he makes the conclusory statement that those acts were done in retaliation for his pursuing legal action.  Accordingly, the court determines that this claim is too conclusory to survive the motion to dismiss.

Moreover, in reviewing Plaintiff's factual allegations against Defendants as true and in the light most favorable to him, the court determines that Plaintiff may have arguably set forth allegations that Defendants' alleged inaction constituted gross negligence. The general and conclusory allegations asserted by Plaintiff are well below what is necessary for the court to infer that he was injured as a result of Defendants acting with deliberate indifference.  "Gross negligence" is not the same as "deliberate indifference." The terms "gross negligence" and "deliberate indifference" are sometimes confused and interchanged; however, "deliberate indifference" is a stricter standard.  *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 453 (5th Cir. 1994). "Gross negligence" is a heightened degree of negligence, whereas "deliberate indifference" is a "lesser form of intent." *Id.* at n.7 (citation omitted). A showing of heightened negligence is insufficient to state a claim for deliberate indifference. *Bd. of the Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 407 (1997).

Having reviewed the file, Report, record, applicable law, and conducting a *de novo* review of Plaintiff's objections, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Further, for the reasons herein stated, Plaintiff fails to state a claim for retaliation.  The court, therefore, **overrules** Plaintiff's objections; **grants** Defendants' Motion to Dismiss for Failure to State a Claim; and **dismisses with prejudice**

all of Plaintiff's claims against Defendants Eddy Mejia, Laine Jaffe, Ronda Hunter, Azucena Duckworth, and Marquita Humphrey.[*]

**It is so ordered** this 3rd day of July, 2017.

Sam A. Lindsay
United States District Judge

---

[*] On May 26, 2017, the clerk of the Fifth Circuit sent a letter to the clerk of this court. The letter stated that Document 107 may be treated as a motion under Federal Rule of Civil Procedure 59(e). Document 107 is Plaintiff's Objections to the Report. The court does not consider this document as an objection to its Order issued on October 26, 2016, that dismissed with prejudice Plaintiff's claims against Dr. Capps for alleged Eighth Amendment constitutional violations and entered judgment in Dr. Capps' favor (Docs. 104 and 105). In Document 107, Plaintiff only mentions Dr. Capps a few times, and these references do not call into question the court's earlier ruling as to Dr. Capps. In any event, to the extent that the letter considers Document 107 as a Rule 59(e) motion, the court **denies** such motion.